### BATES *v.* DICKERSON *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

ACTIONS BY RECEIVERS—COSTS.
  Although the dismissal of an action by a receiver, with costs against the estate represented by him, was rendered on the sole ground of the irregularity of his appointment, another action by him for the same cause, on a subsequent appointment, must be stayed until payment of such costs.

Appeal from special term, New York county.

Action by Henry W. Bates, as receiver of the United States Stamping Company, against John S. Dickerson and others.    Plaintiff appeals from an order staying proceedings until payment of the costs of a former action.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Edgar J. Nathan*, for appellant.  *George Putnam Smith*, for respondents.

BARRETT, J.  The plaintiff states in his affidavit that the first action which he brought against these defendants was dismissed on the sole ground of the irregularity of his appointment as receiver.  However that may be, the judgment of the court, to which alone we can look, ran against him as such receiver.  Under section 3246 of the Code the costs were exclusively chargeable upon the estate.  We have thus a judgment, in substance, against the estate for the costs of the action; and now the same estate, without paying these costs, is again proceeding, upon precisely the same facts, to secure the same judgment.  The principle upon which a second action for the same cause is stayed until the costs of the first action are paid is here applicable.  The defendants have a valid claim against the estate represented by the plaintiff for the amount of their judgment, and we have nothing to do with the reasons which actuated the court in awarding that judgment.  The question is not affected by the subsequent appointment, nor would it have been affected by the appointment of a different person.  The substance of the matter is the failure of the estate in the first action, and its attempt to proceed in a second action for the same cause without paying the costs of the failure.  It was upon this that the discretion of the court below was invoked, and we think it was properly exercised.  The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., (*concurring.*)  Although I do not think that the court was justified in imposing upon the estate claimed to be represented by a receiver the costs of an action which failed for the sole reason that such alleged receiver had no authority to represent such estate, yet, such judgment having been rendered, its propriety cannot be inquired into, and I therefore concur in the result.

BARTLETT, J., concurs.